**IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | | |
|---|---|---|
| BUTLER DYNAMICS, LLC, | : | Civil No. 1:25-CV-00675 |
| Plaintiff, | : | |
| v. | : | |
| ADAPTIVE ENVIRONMENTS, INC., | : | |
| Defendant. | : | Judge Jennifer P. Wilson |

## MEMORANDUM

Butler Dynamics, LLC ("Butler") brings this action for declaratory judgment and breach of contract against Adaptive Environments, Inc. ("Adaptive"). Butler asks the court to order Adaptive "to enter a defense for, hold harmless, and indemnify [Butler] for all damages alleged and costs incurred" in an underlying lawsuit (the "Michigan lawsuit"). (Doc. 1-2, pp. 7–9.)[1] Presently before the court are cross-motions for summary judgment. (Docs. 20, 29.) Because neither party has established whether the underlying claims in the Michigan lawsuit against Butler were valid, the court will deny both motions.

## BACKGROUND

### A. Butler and Adaptive's Contract and the Michigan Lawsuit

This case originates from a contract the parties entered in 2019. Butler is a Pennsylvania limited liability corporation that, among other things, manufactures

[1] For ease of reference, the court uses the page numbers from the CM/ECF headers.

wheelchair lifts that help disabled people move from one floor of a building to another. (Doc. 30, ¶¶ 1, 8.) Adaptive is a Michigan-based company that, among other things, installs wheelchair lifts. (*Id.* ¶ 2.) On July 19, 2019, the two entered into a contract in which Adaptive agreed to purchase one of Butler's wheelchair lifts. (*Id.* ¶ 27.) The contract contained an indemnity clause stating that Adaptive "agrees to indemnify and save harmless Butler from and against all costs . . . incurred by Butler in connection with any product that is installed by [Adaptive]." (Doc. 1-2, p. 14.) Adaptive installed the wheelchair lift in Gregory Thomas's home in 2019 and continued to service and repair it through January 2024. (Doc. 30, ¶ ¶ 12, 14.) On January 14, 2024, Mr. Thomas was utilizing the lift when the lift gate fell off. (Doc. 21, ¶ 17.) He then fell down the stairs, causing injuries that ultimately led to his death a day later. (*Id.* ¶ 18.)

Mr. Thomas's estate sued Butler and Adaptive in Michigan state court. (*Id.* ¶ 19.) The complaint in that case alleged breach of warranty, violation of the Michigan Products Liability Act, negligence, and gross negligence against both Butler and Adaptive. (Doc. 1-2, ¶ 41–98.) Butler claims that it requested defense and indemnity from Adaptive in the Michigan lawsuit, but Adaptive disputes this. (Doc. 30, ¶ 41; Doc. 39, ¶ 41.) It is undisputed, however, that Adaptive did not defend or indemnify Butler during the Michigan lawsuit. *Id.* Both parties eventually settled with the estate. (Doc. 30, ¶ 43.)

**B. Procedural Posture**

Shortly before the parties settled, Butler sued Adaptive in the Court of Common Pleas for Cumberland County, Pennsylvania seeking a declaratory judgement compelling Adaptive to defend and indemnify Butler in the Michigan suit and alleging breach of contract. (Doc. 1-2.) Adaptive removed the action to this court on April 15, 2025. (Doc. 1.) Adaptive then filed a motion for summary judgment on February 13, 2026, and concurrently filed its brief in support. (Docs. 20, 21.) Butler filed a brief in opposition on March 6, 2026, and Adaptive filed its reply on March 20, 2026. (Docs. 28, 31.) Butler filed its own motion for summary judgment and brief in support on March 11, 2026. (Docs. 29, 31.) Adaptive timely filed its brief in opposition on April 1, 2026. (Doc. 40.) Butler did not file a reply. Both parties' motions are thus ripe for review.

## JURISDICTION

The court has jurisdiction under 28 U.S.C. § 1332(a)(1) because the parties are citizens of different states and the amount in controversy exceeds $75,000. Venue is proper pursuant to 28 U.S.C. § 1441(a).

## STANDARD OF REVIEW

A court may grant a motion for summary judgment when "there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A dispute of fact is material if resolution of

the dispute "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). Summary judgment is not precluded by "[f]actual disputes that are irrelevant or unnecessary." *Id.* "A dispute is genuine if a reasonable trier-of-fact could find in favor of the nonmovant' and 'material if it could affect the outcome of the case." *Lichtenstein v. Univ. of Pittsburgh Med. Ctr.*, 691 F.3d 294, 300 (3d Cir. 2012)).

In reviewing a motion for summary judgment, the court must view the facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Jutrowski v. Twp. of Riverdale*, 904 F.3d 280, 288 (3d Cir. 2018) (citing *Scheidemantle v. Slippery Rock Univ. State Sys. of Higher Educ.*, 470 F.3d 535, 538 (3d Cir. 2006)). The court may not "weigh the evidence" or "determine the truth of the matter." *Anderson*, 477 U.S. at 249. Instead, the court's role in reviewing the facts of the case is "to determine whether there is a genuine issue for trial." *Id.*

The party moving for summary judgment "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (quoting Fed. R. Civ. P. 56(c)). The non-moving party must then

oppose the motion, and in doing so "'may not rest upon the mere allegations or denials of [its] pleadings' but, instead, 'must set forth specific facts showing that there is a genuine issue for trial. Bare assertions, conclusory allegations, or suspicions will not suffice.'" *Jutrowski*, 904 F.3d at 288–89 (quoting *D.E. v. Cent. Dauphin Sch. Dist.*, 765 F.3d 260, 268–69 (3d Cir. 2014)).

Summary judgment is appropriate where the non-moving party "fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex*, 477 U.S. at 322. "The mere existence of a scintilla of evidence in support of the plaintiff's position will be insufficient; there must be evidence on which the jury could reasonably find for the plaintiff." *Anderson*, 477 U.S. at 252. "Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986).

**DISCUSSION**

Butler's complaint states two counts that turn on one question: Does the parties' contract require Adaptive "to enter a defense for, hold harmless, and indemnify [Butler] for all damages alleged and costs incurred in the [Michigan lawsuit]"? (Doc 1-2, pp. 7, 9.) In their motions for summary judgment, the parties

dispute the meaning of a section of their contract titled "Butler Liability." (*Id.* at 14.) The section provides:

> Butler's liability shall be limited to the actual purchase price of any defective unit or units of equipment to which a claim is made, and shall in no event include [Adaptive's] installation costs, lost profits or goodwill, or any other direct, indirect, special, incidental or consequential damages whether based in contract, tort or other legal theory, whether or not [Adaptive] has informed Butler of the possibility of such damages or such damages are otherwise foreseeable to Butler. Any technical or other advice or support which is offered or provided by Butler to [Adaptive] shall be provided merely as an accommodation to [Adaptive] without additional charge, and Butler shall have no liability whatsoever in relation to such advice or support, it being expressly understood that it is [Adaptive's] sole responsibility to verify the suitability of our products and components thereof for [Adaptive's] intended application. In addition, [Adaptive] agrees to indemnify and save harmless Butler from and against all costs, damages (including any property damage, personal injury, or death) and expenses (including reasonable attorneys' and expert witness' fees) incurred by Butler in connection with any product that is installed by [Adaptive] and/or dealer and/or third party installation contractor.

(*Id.*) The court's task is thus to interpret this provision "in accordance with the laws of the Commonwealth of Pennsylvania."[2] (*Id.*) Accordingly, the court begins with general principles of Pennsylvania indemnity contract interpretation.

**A. Indemnity Contracts Under Pennsylvania Law**

The relevant law is well established in Pennsylvania. The meaning of an indemnity contract is a question of law for courts to decide. *Jacobs Constructors,*

---

[2] The parties agree the contract should be interpreted according to Pennsylvania law. (*See* Doc. 22, pp. 7–9; Doc. 28, p. 10.)

*Inc. v. NPS Energy Servs., Inc.*, 264 F.3d 365, 371 (3d Cir. 2001) (citing *Hutchinson v. Sunbeam Coal Corp.*, 519 A.2d 385, 390 (Pa. 1986)). The court "must strictly construe the scope of an indemnity contract against the party seeking indemnification." *Dansko Holdings, Inc. v. Benefit Trust Co.*, 991 F.3d 494, 503 (3d Cir. 2021) (quoting *Jacobs*, 264 F.3d at 371). If the contract's language is unambiguous, then the parties' intentions should be ascertained by looking to the language they used. *See Fallon Elec. Co., Inc. v. The Cincinnati Ins. Co.*, 121 F.3d 125, 127 (3d Cir. 1997). But a dispute over the meaning of an indemnity clause does not by itself establish ambiguity. *See Metzger v. Clifford Realty Corp.*, 476 A.2d 1, 7 (Pa. Super. Ct. 1984). Further, for an indemnity contract to cover losses due to the indemnitee's own negligence, the parties must express that intention in "unequivocal terms."[3] *Perry v. Payne*, 217 Pa. 252, 262 (1907); *Ruzzi v. Butler Petroleum Co.*, 527 Pa. 1, 7 (1991) ("No inference from words of general import can establish such indemnification.")

When claiming a right to indemnification, Pennsylvania courts require indemnitees to establish five elements. They are:

> (1) The scope of the indemnification agreement, (2) the nature of the underlying claim, (3) that the underlying claim fell within the scope of the indemnification agreement, (4) that the attorneys' fees, incurred by the indemnitee in defending against the underlying claim, were reasonable, and (5) where the underlying cause of action is settled

[3] The parties refer to this principle as "*Perry-Ruzzi*" in their briefs and the court follows suit.

> rather than resolved by the payment of judgment, the underlying claim was valid against the indemnitee and the settlement was reasonable.

*Sunoco R&M, LLC v. Pa. Nat'l Mut. Cas. Ins. Co.*, 322 A.3d 930, 951–52 (Pa. Super. Ct. 2024) (collecting cases). The fifth element is important here, as it is undisputed that the Michigan lawsuit settled without any determination of liability.[4] (Doc. 31, pp. 10–11; Doc. 40, p. 6.)

With these principles in mind, the court addresses each party's motion in turn.

### B. Butler's Motion for Summary Judgment

Butler does not meaningfully engage with the five elements set out in *Sunoco*. Instead, it argues two primary points. Butler first contends that the plain language of the contract entitles it to the requested relief. And second, that the contract limits Butler's liability to the purchase price of the wheelchair lift. Neither argument establishes that Butler is entitled to judgment as a matter of law, so the court will deny Butler's motion.

#### 1. Butler's Plain Language Argument

Taking the plain language argument first, Butler identifies the elements of breach of contract, but fails to establish them. (Doc. 31, p. 12.) Breach of contract requires the plaintiff to establish: (1) a contract, complete with its essential terms,

---

[4] The parties have not briefed whether Michigan or Pennsylvania law should govern the liability determination, so the court does not decide the issue at this stage.

existed; (2) the defendant breached the contract; and (3) that the plaintiff suffered damages as a result. *Doe v. Univ. of Scis.*, 961 F.3d 203, 211 (3d Cir. 2020) (quoting *Meyer, Darragh, Buckler, Bebenek & Eck, P.L.L.C. v. Law Firm of Malone Middleman, P.C.*, 137 A.3d 1247, 1258 (Pa. 2016)). Butler alleges that Adaptive breached the contract because it "failed to enter a defense[5], indemnify, and hold harmless" Butler in the Michigan lawsuit. (Doc. 1-2, ¶ 24.) To establish breach under that theory, Butler must show that parties' contract obligated Adaptive to indemnify it in the Michigan lawsuit. And because the Michigan lawsuit settled, Butler needs to establish that the claim in the Michigan lawsuit was valid against Butler and that the settlement was reasonable. *Sunoco*, 322 A.3d at 952; *see also DCD Nucar Alni LLC v. Rothrock Motor Sales, Inc.*, No. 5:25-cv-4327, 2025 U.S. Dist. LEXIS 562902, at *30–31 (E.D. Pa. Dec. 8, 2025) (requiring the plaintiff to show the underlying claim was valid in the context of an indemnity action where the underlying case settled).

Butler does not attempt to make this showing. (Doc. 31, pp. 10–11 ("[T]he aforementioned settlement was 'not to be construed as an admission of liability on the part of the party or parties hereby released.'").) Accordingly, Butler has not established that Adaptive breached the plain language of the contract at this stage.

[5] The court notes that there is no reference to defense in the "Butler Liability" portion of the parties' contract. (Doc. 1-2, p. 14.)

### 2. Butler's Limited Liability Argument

Butler's limited liability argument does not fare any better. Butler argues that in addition to the indemnity clause, the contract limits Butler's liability to the purchase price of the wheelchair lift. (*Id.* at 17.) This argument has two problems. First, the court does not know whether Butler was liable in the Michigan lawsuit because that case settled. (*Id.* at 10–11.) Without a finding of liability, there is nothing this clause can limit. Second, even if there was a finding of liability, it would be to the plaintiff in the Michigan lawsuit, not Adaptive. Butler cannot limit its liability to someone who is not a party to the contract. *See Garbish v. Malvern Fed. Sav. & Loan Ass'n*, 517 A.2d 547, 556 (Pa. Super. Ct. 1986). Essentially, this argument simply repackages Butler's previous argument that Adaptive is obligated to indemnify Butler for Butler's liability to a third party. As discussed *supra*, Butler has not made the showing necessary to prevail on that argument. Accordingly, the court will deny Butler's motion for summary judgment.

### C. Adaptive's Motion for Summary Judgment

Adaptive's argument that it is entitled to summary judgment proceeds in two parts. First, it argues that the language in the parties' contract is too broad to cover indemnity for Butler's own negligence under *Perry-Ruzzi*. (Doc. 22, pp. 9–19.) From that premise, Adaptive argues it follows that because the Michigan lawsuit alleged negligence against Butler, *Perry-Ruzzi* bars recovery in the instant action.

(*Id.* at 19.) The court agrees that *Perry-Ruzzi* is applicable, but disagrees that a mere allegation of negligence is sufficient; so, the court will deny Adaptive's motion for summary judgment.

Under *Perry-Ruzzi*, the language in the parties' contract is too broad to be read as obligating Adaptive to indemnify Butler for Butler's own negligence. The *Perry-Ruzzi* rule requires a party seeking to indemnify itself against its own negligence to use "clear and unequivocal" language. *Mace v. Atl. Ref. & Mktg. Corp.*, 567 785 A.2d 491, 501 (Pa. 2001). Pennsylvania courts have repeatedly found language like at issue here insufficient to indemnify a party for its own negligence. *See, e.g.*, *Ruzzi v. Butler Petroleum Co.*, 527 Pa. 1, 5 (Pa. 1991) (rejecting clause stating "from any and all liability for claims for loss, damage, injury or other casualty to persons or property . . . by reason of the installation"); *Bernotas v. Super Fresh Food Mkts., Inc.*, 581 Pa. 12, 16–17 (Pa. 2004) (finding insufficient under *Perry-Ruzzi* provision stating "from and against any claim, loss damage, liability or expense . . . occurring to any property or for personal injury"); *Burlington Coat Factory of Pa., LLC v. Grace Constr. Mgmt. Co., LLC*, 126 A.3d 1010, 1014 (Pa. Super. Ct. 2015) (finding insufficient under *Perry-Ruzzi* language stating "from and against all claims, damages, liabilities, interest, loss damage, attorneys' fees, costs and expenses of whatsoever kind or nature").

Butler attempts to distinguish the instant case from those precedents by pointing to the fact that this contract relates to one lift and requires Adaptive to indemnify Butler for the product it installs. (Doc. 28, p. 12.) But that is not the specificity *Perry-Ruzzi* requires. *Perry-Ruzzi* requires courts to assume that an indemnification contract does not apply to an indemnitee's own negligent acts "unless an express stipulation concerning negligence was included in the document." *Ruzzi*, 527 Pa. at 9. Here, the contract does not stipulate as to negligence, so Adaptive is not required to indemnify Butler for Butler's own negligence. (*See* Doc. 1-2, pp. 12–13.)

But that is not enough to entitle Adaptive to summary judgment. The Michigan lawsuit alleged four counts against Butler, only two of which were negligence. (Doc. 1-2, ¶¶ 41–98.) As Adaptive concedes, because the underlying lawsuit resolved with no determination of liability, "Butler Dynamics' negligence was, and remains, at issue." (Doc. 40, p. 6.) Neither party has made a substantive argument about which of the underlying claims were valid against Butler. *See* *Sunoco*, 322 A.3d at 951–52. That point remains in dispute, so the court will deny Adaptive's motion.

## CONCLUSION

For the reasons stated herein, the court will deny both pending motions for summary judgment. An appropriate order follows.

s/Jennifer P. Wilson
JENNIFER P. WILSON
United States District Court Judge
Middle District of Pennsylvania

Dated: October 14, 2026